UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Amanda Reynolds, individually and on behalf of all others similarly situated,<br><br>                                  Plaintiff,<br><br>                            -v-<br><br>Mercy Investment Services, Inc.; Mercy Education System of the Americas; Sisters of Mercy of the Americas Mid-Atlantic Community, Inc.; Our Lady of Mercy Academy, Corp.; Board of Directors of Our Lady of Mercy Academy; Sister Lisa Griffith, Executive Director; Margaret Myhan, OLMA President; Patricia DiLollo, OLMA Director of Advancement; Jane and John Doe, fictitious names for the remaining Board of Directors members,<br>                                              Defendants. | 2:24-cv-02636<br>(NJC) (JMW) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

      Plaintiff Amanda Reynolds ("Reynolds"), an attorney seeking to proceed pro se, brings this putative class action lawsuit on behalf of herself and others similarly situated to challenge a purported, fraudulent scheme to bankrupt Our Lady of Mercy Academy ("the Academy")—a private, Catholic high school for girls located in Syosset, New York—as well as other Catholic schools across the country, in violation of New York common law protections against fraud, breach of fiduciary duty, breach of contract, unjust enrichment, equitable estoppel, vicarious liability, and negligence. (Compl., ECF No. 1.) Magistrate Judge Wicks identified questions concerning whether the initial Complaint established this Court's subject matter jurisdiction over the action. (Elec. Order, Apr. 10, 2024.) Reynolds filed a Response addressing that question (Resp., ECF No. 7), and an Amended Complaint (Am. Compl., ECF No. 12).

      Before effecting service of the pleadings on Defendants, Reynolds filed an Order to Show

Cause, which asks this Court to, among other things: (1) issue a temporary restraining order ("TRO") enjoining the Defendants "from soliciting or executing a contract for the sale, lease, rental or any other form of alienation" of the Academy's premises; (2) appoint a guardian ad litem for the Sisters of Mercy, a subset of one of the putative plaintiff classes, under N.Y.C.P.L.R. § 1202; and (3) order the attachment of the subject property against removal or dissipation pursuant to N.Y.C.P.L.R. § 6201(1).[1] (TRO/PI Mot., ECF No. 15 at 2–3.) The Court construes Reynolds' Order to Show Cause as a motion seeking a TRO and preliminary injunction ("TRO/PI Motion").

Reynolds' submissions demonstrate that she is an attorney and the only named plaintiff, and that she seeks to simultaneously serve as the sole named representative and counsel for the putative classes. (Am. Compl. at 1; *see also id.* ¶¶ 21–28 (identifying named plaintiff and describing putative classes); *id*. at 41 (signing document as "Esq."); Reynolds Affirm. Supp. TRO/PI Mot. at 25, ECF No. 15-1 (same); Emergency Affirm. at 1, ECF No. 16 (attesting that Reynolds is proceeding pro se and is an attorney admitted to practice before this Court).) Under longstanding Second Circuit precedent, Reynolds cannot proceed pro se to serve both as a named representative of putative classes and as class counsel. For the reasons set forth below, the Court dismisses the Amended Complaint without prejudice for lack of subject-matter jurisdiction and dismisses as moot Reynolds' TRO/PI Motion.

---

[1] Reynolds' Order to Show Cause requests that the Court order "an Attachment of the subject property against removal or dissipation pursuant to Section 6201(1)" but does not provide a full citation to the relevant statute. (ECF No. 15 at 3.) The Court construes the request as falling under N.Y.C.P.L.R. § 6201, which governs attachments. *See* N.Y.C.P.L.R. § 6201.

## BACKGROUND

Reynolds filed this putative class action lawsuit on April 8, 2024 against: (1) Mercy Investment Services, Inc.; (2) Mercy Education System of the Americas ("MESA"); (3) Sisters of Mercy of the Americas Mid-Atlantic Community, Inc.; (4) Our Lady of Mercy Academy, Corp. ("OLMA"); (5) the Board of Directors of Our Lady of Mercy Academy ("the OLMA Board"); (6) Sister Lisa Griffith, Executive Director of MESA; (7) Margaret Myhan, OLMA President; (8) Patricia DiLollo, OLMA Director of Advancement; and (9) Jane and John Doe, fictitious names for the remaining Board of Directors (collectively, "Defendants"). The original Complaint alleges, among other things, that Defendants orchestrated a fraudulent scheme to "infiltrate [Sisters of Mercy Catholic schools across the country] with the intent of appointing a new administration for the sole purpose of bankrupting the organization and transferring the organization's real property assets and other assets into Defendants' pockets upon the organization's dissolution or closure." (Compl. ¶ 31.) The original Complaint pled claims under New York common law (Compl. ¶¶ 134–220), and asserted that this Court had jurisdiction over the action pursuant to the diversity statute, 28 U.S.C. § 1332(a), and under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (*Id.* ¶¶ 7, 9.)

On April 10, 2024, Magistrate Judge Wicks issued an Order requiring Reynolds to clarify the basis for the Court's jurisdiction as follows:

> [I]t is unclear whether minimal diversity exists between the parties. Here, the Complaint does not indicate how many Plaintiffs are from a state other than New York. In addition, Defendant Mercy Investment Services, Inc. and Defendant MESA are from Missouri and Maryland, respectively. However, Sisters of Mercy, Our Lady of Mercy Academy, the Board of Directors of Our Lady of Mercy and individual Defendants Margaret Myhan and Patricia DiLollo are all from or otherwise located in New York. Thus, because a number of the class members appear to be from New York as well as the majority of the named Defendants, there is a possibility that the diversity required under CAFA is not present.

3

(Elec. Order, Apr. 10, 2024.) On April 11, 2024, Reynolds filed a Response, asserting that she seeks to represent a subclass of people who are "stakeholders of Our Lady of Mercy Academy in Syosset" as well as a nationwide class that includes people "who are similarly aggrieved in other states by Mercy School and hospital closings at the hands of defendants." (Resp. at 2.) Reynolds asserts that the putative classes would consist of "well over 100 class members." (*Id.*) According to Reynolds, the putative Our Lady of Mercy Academy stakeholder subclass alone meets the CAFA diversity requirement because this group includes not just current students, parents of students, and donors, but also alumni who reside across the country, including in: "Massachusetts; Connecticut; Pennsylvania; North Carolina; New Jersey; Illinois; Ontario, Canada; South Carolina; California; Florida; Wisconsin and Virginia." (*Id.*) With respect to the nationwide class, Reynolds asserts that "diversity is met overwhelmingly since Plaintiffs could encompass residents of every single state, nationally . . ." and that there are affected Mercy-properties in other states. (*Id.* at 2–3.)

On April 16, 2024, Reynolds filed an Amended Complaint. The Amended Complaint brings the same claims under New York common law—claims for fraud, breach of fiduciary duty, breach of contract, unjust enrichment, equitable estoppel, vicarious liability, and negligence (under a theory of res ipsa loquitor)—against the same defendants as named in the original Complaint and adds as a defendant the Board of Directors of Our Lady of Mercy Academy. (Am. Compl. at 1–2; *id.* ¶¶ 134–220.) The Amended Complaint alleges, among other things, that Defendants orchestrated a fraudulent scheme to "infiltrate [Sisters of Mercy Catholic schools across the country] with the intent of appointing a new administration for the sole purpose of bankrupting the organization and transferring the organization's real property assets and other

4

assets into Defendants' pockets upon the organization's dissolution or closure" and asserts that this Court has jurisdiction over the action pursuant to the diversity statute, 28 U.S.C. § 1332(a), and CAFA. (Am. Compl. ¶¶ 7, 9, 31.) It also asserts that "[f]ederal questions of law supporting federal jurisdiction will be further revealed during the course of discovery . . . ." (*Id.* ¶ 8.)

The Amended Complaint further alleges that Reynolds brings claims on behalf of herself and the following proposed classes: (1) "[n]ationwide and state [] subclasses . . . including all Mercy-educated stakeholders affected by the scheme orchestrated by some or all Defendants in concert with potential not-yet named Defendants who worked in concert with presently-named Defendants, as subdivided by school affected and, therefore by geographic region;" and (2) a New York subclass defined as "[a]ll Our Lady of Mercy Academy Syosset stakeholders affected by the Defendants' tortious acts and/or omissions." (Am. Compl. ¶¶ 10, 11.)

On April 18, 2024, Reynolds filed the TRO/PI Motion seeking a TRO that would, among other things, restrain and enjoin Defendants from selling, leasing, renting, or otherwise alienating Our Lady of Mercy Academy in Syosset, NY. (TRO/PI Mot. at 2–3.) The TRO/PI Motion also seeks a permanent injunction restraining Defendants from continuing the alleged conspiracy, removing the current Board Members and Defendant entities from operating the Academy, directing Defendants to provide "a comprehensive accounting related to" the Academy, permitting Reynolds and the putative classes to "re-appoint an interregnum Board of Directors" for the Academy, "[o]rdering an Attachment of the subject property against removal or dissipation" under New York law, appointing a guardian ad litem for the Sisters of Mercy (a subset of one of the putative Plaintiff classes) under N.Y.C.P.L.R. § 1202, and granting any other relief this Court "deems just and proper." (*Id.* at 1–2.) Reynolds' Affirmation in Support of the TRO/PI Motion argues that absent the requested temporary relief, Reynolds and members of the putative classes

5

will sustain the following irreparable harm:

> imminent destruction of property (in the form of original and presently missing real property deeds, lease agreements, revisions and restrictions), and the potential sale of the OLMA property; the dissolution of Our Lady of Mercy Academy, a 96-year old irreplaceable all-girls high school on Long Island. Plaintiffs have already been harmed in that their school has suffered decreased enrollment, faculty departures and resignations, student departures, loss of goodwill from donors and prospective donors, and deprivation of their access to education. Present students forced to transfer to new schools will lose opportunities that would have been afforded to them at OLMA, including extracurricular titles, recreational and sporting achievements and accolades, and academic/ scholarly continuity of care.

(Reynolds Affirm. Supp. TRO/PI Mot. at 18.)

## ANALYSIS

### I. Subject Matter Jurisdiction

This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Courts "generally evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings." *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir. 2014) (quotation marks omitted). "The sum claimed by the [plaintiff] controls if the claim is apparently made in good faith," and dismissal is justified only when it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Washington Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 135 (2d Cir. 2020). In resolving questions concerning subject matter jurisdiction, this Court is permitted to take notice of facts outside the four corners of the complaint. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings . . . .") (quotation marks omitted). Although Reynolds is proceeding pro se, she is an experienced,

practicing attorney "familiar with the procedural setting presented" and accordingly is not entitled to the special solicitude generally afforded to pro se plaintiffs. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

### A. The Amended Complaint Fails to Establish Federal Question Jurisdiction under 28 U.S.C. § 1331.

In order to invoke federal question jurisdiction under 28 U.S.C. § 1331, a plaintiff must "plead[] a cause of action created by federal law" or state-law claims that "implicate significant federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "A state-law claim necessarily raises federal questions where the claim is affirmatively premised on a violation of federal law . . . In contrast, this first element is not present where all of the plaintiff's claims seek relief under state law and none necessarily raises a federal issue." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315–16 (2d Cir. 2016) (citation and quotation marks omitted).

The Amended Complaint vaguely alleges that "[f]ederal questions of law supporting federal jurisdiction will be further revealed during the course of discovery" (Am. Compl. ¶ 8), but does not identify a single federal cause of action. (*See* Am. Compl. ¶¶ 134–220 (pleading only claims under New York law for fraud, breach of fiduciary duty, breach of contract, unjust enrichment, equitable estoppel, vicarious liability, and negligence).) Nor does the Amended Complaint plead a state-law cause of action that "necessarily" raises a federal issue. All of Reynolds' claims seek relief under state law (*see id.*) and the Response to the April 10, 2024

7

Order requiring Reynolds to clarify the basis for the Court's jurisdiction does not identify any federal issues raised by Reynolds' state law claims, much less that any such federal issues are "actually disputed," "substantial" and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. The Amended Complaint thus fails to establish this Court's jurisdiction under 28 U.S.C. § 1331 over any claims Reynolds may bring on behalf of herself or the putative classes.

### B. The Amended Complaint Fails to Establish Diversity Jurisdiction under 28 U.S.C. § 1332(a).

Reynolds' Response to the April 10, 2024 Order makes clear that she invokes this Court's jurisdiction over her state law claims under the Class Action Fairness Act. It is not clear that Reynolds' submissions adequately establish CAFA jurisdiction.[2] Nevertheless, even if this

---

[2] To invoke this Court's limited jurisdiction under CAFA, a putative class action must involve: (1) 100 or more class members; (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs; and (3) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citing 28 U.S.C. §§ 1332(d)(2), (5)(b), (6)). The Amended Complaint and Response do not adequately establish CAFA jurisdiction for the following, non-exhaustive reasons.

    First, the Amended Complaint does not establish the amount in controversy required for CAFA jurisdiction. It alleges, "[u]pon information and belief, the aggregate claims of the individual Class Members exceed the sum or value of $5,000,000.00" and generally asserts that Reynolds and members of the proposed class and subclass "sustained damages in many forms including monetary damages." (Am. Compl. ¶¶ 9, 148, 166, 176, 186.) The Amended Complaint does not, however, describe the nature or amount of any damages sustained by Reynolds or other members of the putative nationwide class or New York subclass. (*See generally* Am. Compl.) Nor does Reynolds' Response address this gap. (*See generally*, Resp.) The Amended Complaint even acknowledges that "[t]here is certainly uncertainty in calculating damages." (Am. Compl., Prayer for Relief ¶ 11.) Although Reynolds appears to assert that the amount in controversy is over $100,000,000 because "the 96-acre property upon which Our Lady of Mercy Academy in Syosset sits is valued minimally at $60,000,000 (Sixty Million Dollars) and because any alleged donations or funds that were misallocated are subject to incorporation in the damages calculation," Reynolds does not establish that these amounts are properly recognized as establishing the amount in controversy for CAFA jurisdiction purposes. (Resp. at 2.)

8

Court were to find that it has CAFA jurisdiction—and this Court makes no such finding at this time—the Amended Complaint suffers from a more foundational flaw: Reynolds seeks to proceed pro se as the sole named representative of several proposed classes *and* to serve as counsel for the proposed classes. This approach is prohibited under longstanding precedent in this Circuit. Reynolds' state law claims must therefore be analyzed as individual claims, and Reynolds' submissions fail to meet the requirements for this Court to exercise diversity jurisdiction over those claims under 28 U.S.C. § 1332(a).

### i. Reynolds Cannot Proceed Pro Se on Behalf of a Class.

While "parties may plead and conduct their own cases personally or by counsel" under 28 U.S.C. § 1654, the Second Circuit has established that a pro se plaintiff may not bring claims on behalf of a proposed class of similarly situated people. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also Kimber v. Tallon*, 556 Fed. App'x 27, 28 (2d Cir. 2014) ("Generally, it is inappropriate for a *pro se* litigant to represent the interests of a

---

Second, the Amended Complaint does not establish that there are more than 100 members of any of the proposed classes. The Amended Complaint generally asserts that the proposed classes consist of "Mercy-educated stakeholders," without specifically addressing the contours of the proposed nationwide class or New York subclass. (Am. Compl. ¶ 10.) Reynolds contends that stakeholders include "donors, parents, students, teachers, staff and employees, alumnae, and the individual Sisters of Mercy who worked at the school and dedicated their lives to [the] legacy" of Our Lady of Mercy Academy Syosset and the same subset of individuals impacted in the closed schools and/or hospitals closed nationwide. (Am. Compl. ¶¶ 27–31.) The record does not show, however, how many Mercy schools are at issue nationwide or even the specific numbers of students, parents, alumnae, and donors who are members of the putative New York subclass of Mercy-educated stakeholders. Thus, the numerosity requirement for CAFA jurisdiction has not been established.

class."); *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (explaining that it is "well established" that a pro se litigant "cannot adequately represent the interests of other class members"); *Chapman v. U.S. Dep't of Just.*, 558 F. Supp. 3d 45, 49 (E.D.N.Y. 2021) (dismissing class action claims because the plaintiff was "proceeding *pro se* and cannot bring a class action on behalf of others"); *Toth v. New York City Dep't of Educ.*, No. 21-CV-4245, 2024 WL 703053, at *10 (E.D.N.Y. Feb. 21, 2024) (collecting cases).

Relatedly, "a *pro se* plaintiff may not bring an action in which he will serve as *both* class representative *and* class counsel." *Jaffe v. Cap. One Bank*, No. 09-CV-4106 (PGG), 2010 WL 691639, at *10 (S.D.N.Y. Mar. 1, 2010) (emphasis supplied); *see Bank v. Hydra Grp., LLC*, No. 10CV1770JGVMS, 2013 WL 12340473, at *5 (E.D.N.Y. Aug. 6, 2013) (collecting cases showing that a "[p]laintiff cannot act as both class representative and class counsel"); *Ayazi v. N.Y.C. Bd. of Educ.*, Nos. 98-CV-7461 (NGG), 08-CV-2456 (NGG), 2010 WL 4789403, at *1 (E.D.N.Y. Nov. 17, 2010) ("[A] pro se plaintiff may not serve as both class representative and class counsel."). This is "because too close a relationship between the class representative and class counsel is a disqualifying conflict of interest." 5 James William Moore et al., Moore's Federal Practice § 23.25 (3d ed. 2010); *see, e.g., Jaffe*, 2010 WL 691639, at *10–11 (striking the class allegations of a pro se attorney because "a *pro se* plaintiff's duty to represent class interests would impermissibly conflict with [plaintiff's] chance to gain financially from an award of attorneys' fees") (quotation marks and citation omitted). A conflict of interest would persist, *even if* a pro se attorney seeking to represent a class and serve as counsel were to waive attorneys' fees and costs because "an attorney should not have a personal interest in the outcome of the litigation while a class representative must be personally invested in its outcome; these dual priorities cannot be reconciled in the same person." *Lewis v. Gov't of England & United*

*Kingdom*, No. 1:22-CV-10792 (JLR), 2023 WL 3483992, at *2 (S.D.N.Y. Apr. 5, 2023), *aff'd sub nom.* No. 23-500-CV, 2023 WL 8664492 (2d Cir. Dec. 15, 2023).

Here, Reynolds is the sole named plaintiff and seeks to proceed pro se on behalf of herself and on behalf of a nationwide class and a proposed New York subclass "of similarly situated persons." (Am. Compl. at 1.) Reynolds is also the only counsel for the proposed classes. (*Id*. at 41.) Under longstanding Second Circuit precedent, Reynolds cannot proceed pro se on behalf of herself and the putative class and subclass. *See Iannaccone*, 142 F.3d at 558; *Kimber*, 556 Fed. App'x at 28. Nor can she proceed as counsel for the putative class and subclass. *See Jaffe*, 2010 WL 691639, at *10–11. For this reason, the Court must dismiss Reynolds' class claims and construe the Amended Complaint to assert only individual claims.

### ii. The Amended Complaint Fails to Establish Diversity Jurisdiction under 28 U.S.C. § 1332(a) as to Reynolds' Individual Claims.

As an attorney admitted to practice in this Court, Reynolds "cannot claim the special consideration which the courts customarily grant to *pro se* parties." *Harbulak v. Suffolk Cnty*., 654 F.2d 194, 198 (2d Cir. 1981) (citation omitted); *see also Bythewood v. New York*, No. 22-2542-CV, 2023 WL 6152796, at *1 (2d Cir. Sept. 21, 2023). In construing the Amended Complaint to assert only individual claims, even if liberally interpreted—a construction to which Reynolds is not entitled under *Harbulak*, 654 F.2d at 198—the Amended Complaint fails to establish diversity jurisdiction under 28 U.S.C. § 1332(a).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020); *see also Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("Diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in

11

their citizenships.") (citations omitted). For the purposes of diversity jurisdiction, an individual party's citizenship depends on its domicile, which "is the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning[.]" 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 (3d ed. 2021); *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). "[A] corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

The Amended Complaint alleges that: (1) Reynolds is domiciled in New York;[3] (2) Defendant Mercy Investment Services, Inc. maintains a principal place of business in, and is therefore a citizen of, Missouri; (3) Defendant MESA maintains a principal place of business in, and is therefore a citizen of, Maryland; and (4) Defendants Sisters of Mercy, OLMA, and the OLMA Board maintain their principal places of business in, and are therefore citizens of, New York. (Am. Compl. ¶¶ 21, 33–46.) The Amended Complaint also alleges that individual Defendants Margaret Myhan and Patricia DiLollo, OLMA's President and Director of Advancement, respectively, maintain offices in New York and "are believed to reside in" the state. (Am. Compl. ¶¶ 47–48.) These allegations suggest, even if they do not firmly establish, that Defendants Myhan and DiLollo are domiciled in, and are therefore citizens of New York. Because Reynolds and Defendants Sisters of Mercy, OLMA, and the OLMA Board are all citizens of New York, there is no complete diversity between the plaintiff and all defendants as

---

[3] The Amended Complaint specifically alleges that Reynolds "presently resides in Nassau County, New York." (Am. Compl. ¶ 21.) Neither the Amended Complaint nor Reynolds' other submissions show that Reynolds is domiciled in any other state. (*See generally* Compl., Resp.; Am. Compl.; TRO/PI Mot.; Reynolds Affirm. Supp. TRO/PI Mot.; Emergency Affirm.)

required for diversity jurisdiction, regardless of the citizenship of Myhan and DiLollo. *See Tagger*, 951 F.3d at 126; *Herrick*, 251 F.3d at 322. Diversity jurisdiction does not exist, and would not exist, even if the Amended Complaint were further amended.

The Court therefore does not have subject matter jurisdiction over Reynolds' action under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332(a). Because the Court lacks subject matter jurisdiction, it cannot review the merits of the TRO/PI Motion and must dismiss the action in its entirety. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120–21 (2d Cir. 2024) ("[W]hen a court determines it lacks subject matter jurisdiction, it cannot consider the merits of the preliminary injunction motion and should dismiss the action in its entirety.").

## CONCLUSION

For the forgoing reasons, the Amended Complaint, ECF No 12, is dismissed without prejudice for lack of subject-matter jurisdiction and Reynolds' TRO/PI Motion, ECF No. 15, is dismissed as moot.

Dated: Central Islip, New York

April 23, 2024

                                                                                            */s Nusrat J. Choudhury*
                                                                                                 NUSRAT J. CHOUDHURY
                                                                                                 United States District Judge